# IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

| | |
|---|---|
| Address of Plaintiff: | George and Janet Rowland<br>522 Richard Drive<br>Millville, NJ 083323 |
| Address of Defendant: | See attached List |
| Place of Accident, incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?       Yes  ■       No  ☐

*RELATED CASE IF ANY*

Case Number:   01-CV-5981          Judge _____          Date Terminated:   N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                                                Yes ☐   No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                          Yes ■   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes ☐   No ■

---

CIVIL: (Place an ☒ in *ONE CATEGORY ONLY*)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act — Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ■ All other Federal Question Cases (please specify)-Related to Chapter 11 Filing

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____ , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____          _____          _____

                                                      *Attorney-at-Law*                          *Attorney I.D.#*

**NOTE:**   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____          _____          _____

                                                      *Attorney-at-Law*                          *Attorney I.D.#*

CIV 609 (9/99)

**Defendants (Names and Addresses):**

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

Fel-Pro, Inc.,

Ferodo America, Inc.,

Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

Moog Automotive Inc., formerly known as Wagner Electric Corporation,

Pneumo Abex Corp., or

T&N plc.

2655 Northwestern Highway
Southfield, MI  48034

JS44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| George and Janet Rowland | SEE ATTACHED |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Laurence H. Brown, Esquire
Rosenberg, Brown & Sandler
17th Floor, One Penn Square West
Philadelphia, PA 19102
(215) 569-4000

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
■ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a).

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 442 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ■ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
■ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
Transferred from
☐ 5 another district (specify)
☐ 6 Multidistrict Litigation
Appeal to District
☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A
☐ CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unspecified
Check YES only if demanded in complaint:
JURY DEMAND ☐ YES ■ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER 01-CV-5981

DATE: June 17, 2002

SIGNATURE OF ATTORNEY OF RECORD
Edward T. Finch, Esquire

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

**Defendants (Names and Addresses):**

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

      Fel-Pro, Inc.,

      Ferodo America, Inc.,

      Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

      Moog Automotive Inc., formerly known as Wagner Electric Corporation,

      Pneumo Abex Corp., or

      T&N plc.

2655 Northwestern Highway
Southfield, MI  48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

GEORGE and JANET ROWLAND

    V.

FORD MOTOR COMPANY
FEDERAL-MOGUL GLOBAL, INC.

CASE NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.   ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.   ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

June 17, 2002
_____
(Date)

_____
Attorney-at-law

Edward T. Finch, Esquire
Attorney For
Ford Motor Company

(Civ. 660)
12/91

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GEORGE and JANET ROWLAND        CASE NO.

    V.

FORD MOTOR COMPANY
FEDERAL-MOGUL GLOBAL, INC.

## NOTICE OF REMOVAL

Defendant Ford Motor Company (the "removing defendant") hereby gives notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned George and Janet Rowland v. AC&S, Inc., et al. now pending in the Court of Common Pleas of Philadelphia County, at No. 0106-2484. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the removing defendant states the following:

1.      The action of which the removed claims are a part was commenced in the Court of Common Pleas of Philadelphia County.

2.      The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.      On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case

number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.     The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendant is related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.     Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.     Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.     The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims

transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.      On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.      On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.     On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.     On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

12.     However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

3

13. The Removing Defendant files this Notice of Removal to adequately protect the interests of Removing Defendant and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14. The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Philadelphia County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY: _____

Edward T. Finch, Esquire
Attorney for Defendant
Ford Motor Company

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written

notice of the removal of this action will be promptly given to all adverse parties and a copy of the

Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

PRESENTED FOR REVIEW
02 MAY -2 AM 11: 08
PRO PROTHY

OFFICE OF THE SECRETARY
JOHN M. QINTAMAR

'02 MAY 20 P 1:22

ATTORNEY FOR PLAINTIFF(S)

**BROOKMAN, ROSENBERG, BROWN & SANDLER**
**BY: LAURENCE H. BROWN, ESQUIRE**
**ATTORNEY IDENTIFICATION NO. 21174**
**FIRM IDENTIFICATION NO. 9991**
17TH FLOOR, ONE PENN SQUARE WEST
PHILADELPHIA, PA. 19102
(215) 569-4000

---

*Plaintiffs:*                                      :

**GEORGE AND JANET ROWLAND**        :
**522 RICHARD DRIVE**                          :
**MILLVILLE, NJ 08332**                         :
                                                           :
                         *vs.*                          :
                                                           :
*Defendants:*                                      :
                                                           :
**AC&S, INC. (001), ET AL.**                :
**A PENNSYLVANIA CORPORATION**   :
**120 N. LIME STREET**                        :
**LANCASTER, PA 17604**                    :

**PHILADELPHIA COUNTY**
**COURT OF COMMON PLEAS**
**CIVIL TRIAL DIVISION**

**JUNE TERM 2001**

**No. 2484**

**ASBESTOS LITIGATION**

---

### THIRD AMENDED COMPLAINT - CIVIL ACTION (2. PERSONAL INJURY)
### 26035 ASBESTOS

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partif de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que sí usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA SERVICIO DE DEFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telephone: 215-238-1701 |

ALLIED SIGNAL, INC. (280)
101 Columbia Road
Morristown, NJ 07962

AMERICAN STANDARD (050) .
c/o CT Corporation Systems
Suite 1210
1515 Market Street
Philadelphia, PA 19103

A.P. GREEN REFRACTORIES COMPANY (110)
a Delaware Corporation
Green Blvd.
Mexico, Missouri 65265

ASTEN HILL GROUP, INC. (340)
4399 Corporate Road
P.O. Box 10700
Charleston, SC 29411

A.W. CHESTERTON, INC. (127)
Middlesex Industrial Park
Route 93
Stoneham, MA 02180

BEAZER EAST, INC. (440)
f/k/a Koppers Co.
c/o Koppers Building
436 7th Avenue
Pittsburgh, PA 15219

BORG WARNER CORPORATION (055)
200 S. Michigan Avenue
Chicago, IL 60604

CERTAIN-TEED CORPORATION (090)
750 E. Swedesford Road
Valley Forge, PA 19482

COMBUSTION ENGINEERING CO., INC. (059)
c/o CVCSC, INC.
175 Capital Boulevard
P.O. Box 4950
Rocky Hill, CT  06067

CRANE CO., DEMMING DIVISION
884 S. Broadway
Salem, OH  44460

CRANE PACKING (060)
24 Madison Road
Fairfield, NJ 07004

CROWN CORK & SEAL COMPANY, INC. (091)
9300 Ashton Road
Philadelphia, PA 19114

DANA CORPORATION (061)
4500 Dorr Street
P.O. Box 1000
Toledo, OH  43615
       OR
Corporate Trust, Inc.
Resident Agent
32 South Street
Baltimore, MD  21202

DURABLA
140 Sheree Blvd.
Lionville, PA  19353

FERODO AMERICA, INC.
c/o The Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

FLEXITALLIC GASKET COMPANY (018)
6915 Highway 225
Deer Park, TX  77536

FOSECO, INC. (109)
c/o CT Corporation Systems
Suite 1210
1515 Market Street
Philadelphia, PA 19103

GARLOCK, INC. (022)
One Marine Midland Plaza
Suite 1830
Rochester, NY 14604-2415

GENERAL REFRACTORIES (065)
225 City Avenue, Suite 114
Bala Cynwyd, PA 19004

GOULDS PUMPS, INC. (435)
240 Fall Street
Seneca Falls, NY 13148

GREEN, TWEED & COMPANY, INC. (132)
2075 Detweiler Road
Kulpsville, PA 19443

HAJOCA PLUMBING SUPPLY COMPANY (258)
950 Township Line Road
Chester, PA 19013

HARBISON WALKER REFRACTORIES (234)
a Division of Dresser Industries, Inc.
One Gateway Center
Pittsburgh, PA 15222

J.H. FRANCE REFRACTORIES CO. (227)
895 Clarence Road
Snow Shoe, PA 16874

MAREMONT CORPORATION (072)
2400 Industrial Park
Louden, TX 37774

MELRATH GASKET, INC. (260)
2901 W. Hunting Park Ave.
P.O. Box 43099
Philadelphia, PA 19129-3099

METROPOLITAN LIFE INSURANCE CO. (4019)
1 Madison Avenue
New York, NY 10010

NORTH AMERICAN ASBESTOS COMPANY (094)
c/o Cindy Bavaro
Lord, Bisell & Brooks
115 S. LaSalle Street
Chicago, IL 60603

NOSROC CORPORATION (029)
a Pennsylvania Corporation
c/o CT Corporation Systems
Suite 1210, 1515 Market Street
Philadelphia, PA 19103

OWENS-ILLINOIS, INC. (032)
an Ohio Corporation
One Sea Gate - WMB9
Toledo, OH 43666

PECORA CORPORATION (429)
a Pennsylvania Corporation
165 Wambold Road
Harleysville, PA 19438

PFIZER, INC. (102)
235 E. 42nd Street
New York, NY 10017

PORTER HAYDEN COMPANY (075)
c/o CT Corporation Systems
Suite 1210
1515 Market Street
Philadelphia, PA 19103

QUIGLEY CO., INC. (319)
235 E. 42nd Street
New York, NY 10017
    OR
c/o CT Corporation Systems
registered agents of Quigley Co.
1633 Broadway, 23rd Floor
New York, NY 10019

RAPID AMERICAN CORPORATION (14095)
1700 Broadway, Suite 1403
New York, NY 10019

RITE HOSE & PACKING, INC.
as successor to BEVCO INDUSTRIES, INC. (154)
a Pennsylvania Corporation
c/o Corporate Service Co.
319 Market Street
Harrisburg, PA 17101

TURNER & NEWALL, LTD (042)
20 St. Mary's Parsonage
Manchester, England M3 2NL

UNION CARBIDE CORPORATION (081)
c/o CT Corporation Systems
Suite 1210
1515 Market Street
Philadelphia, PA 19103

UNIROYAL, INC. (043)
70 Great Hill Road
Naugatuck, CT 06770

U.S. GYPSUM COMPANY (045)
c/o CT Corporation Systems
Suite 1210
1515 Market Street
Philadelphia, PA 19103

WEIL McLAIN CO. (163)
Division of The Marley Company
Blaine Street
Michigan City, IN 46360

VIACOM/WESTINGHOUSE ELECTRIC CORPORATION (099)
11 Stanwix Street
Pittsburgh, PA 15222-1384

A-BEST PRODUCTS COMPANY
c/o R. Kenneth Willman
705 McKnight Park Drive
Pittsburgh, PA 15237

DIXON TICONDEROGA COMPANY
195 International Parkway
Heathrow, FL 32746

GEORGE V. HAMILTON, INC.
River Avenue
McKee Rocks, PA 15136

INSUL COMPANY, INC.
110 N. Market Street
East Palestine, OH 44413

QUIGLEY CO., INC. (319)
235 E. 42nd Street
New York, NY 10017
     OR
c/o CT Corporation Systems
registered agents of Quigley Co.
1633 Broadway, 23rd Floor
New York, NY 10019

SAFETY FIRST INDUSTRIES
c/o Joseph R. Schaper, Esquire
Heintzman Warren Wise & Fornella
35th Floor, Gulf Tower
Pittsburgh, PA 15219

and
Richard M. Grudzinski, Senior Manager
Peat Marwick Thorne, Inc.
Commerce Court West
P.O. Box 31
Toronto, Ontario M5L 1B2 CANADA
and
SAFETY FIRST INDUSTRIES, INC.
c/o Ms. Christine Wendt
The Travelers Companies
Special Liability Group
P.O. Box 17283
Baltimore, MD 21203-7283

TYK REFRACTORIES
301 Brickyard Road
Clairton, PA 15025

ATLAS INDUSTRIES
a/k/a ATLAS INSULATION, INC.
530 Bell Avenue
Carnegie, PA 15106

DRESSER INDUSTRIES, INC. (108)
c/o James W. Ferguson
4100 Clinton Drive, Bldg. 01-631
Houston, TX 77020

FORD MOTOR COMPANY (105)
The Royal Headquarters
The American Road
Dearborn, Michigan 48121
Attn: Legal Department

HALLIBURTON COMPANY
4100 Clinton Drive
Building 01-631
Houston, TX 77020

**BROOKMAN, ROSENBERG, BROWN & SANDLER**
**BY: LAURENCE H. BROWN, ESQUIRE**
**ATTORNEY IDENTIFICATION NO. 21174**
**FIRM IDENTIFICATION NO. 9991**
17TH FLOOR, ONE PENN SQUARE WEST
PHILADELPHIA, PA. 19102
(215) 569-4000

ATTORNEY FOR PLAINTIFF(S)

| | | |
|---|---|---|
| *Plaintiffs:* | : | **PHILADELPHIA COUNTY** |
| | : | **COURT OF COMMON PLEAS** |
| **GEORGE AND JANET ROWLAND** | : | **CIVIL TRIAL DIVISION** |
| | : | |
| *vs.* | : | |
| | : | **JUNE TERM 2001** |
| *Defendants:* | : | |
| | : | **No. 2484** |
| **AC&S, INC., (001), ET AL.** | : | |
| | : | **ASBESTOS LITIGATION** |
| | : | |
| | : | |

## THIRD AMENDED COMPLAINT - CIVIL ACTION (2. PERSONAL INJURY) 26035 ASBESTOS

Plaintiff incorporates by reference Plaintiffs' Master Long Form Complaint In Re: Asbestos

Litigation in Philadelphia Court of Common Pleas, filed as of October Term, 1986, No. 8610-0001.

Pursuant to an Order dated July 30, 1986 and signed by the Honorable Richard B. Klein and the

Honorable Edward J. Blake the following short form complaint is utilized in this asbestos action.

1. This Third Amended Complaint involves the claims of the following persons:

    a.   Plaintiff:

        Name:               George Rowland

        Address:            522 Richard Drive
                                   Millville, NJ 08332

        Social Security No.   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

        Date of Birth:       6/28/30

    b.   Spouse ("Plaintiff-Spouse"):

        Name:               Janet Rowland

        Date of Birth:       10/15/36

2. The defendants are those companies listed in the caption.

3. Plaintiffs would also name as defendants the Johns-Manville Corporation, the Johns-Manville Sales Corporation, UNARCO, Amatex Corporation, Forty-Eight Insulators Incorporated, Wallace and Gale Company, Nicolet Industries, Pacor, Inc., Delaware Insulation, Inc. f/k/a DI Distributors, Carey Canada, Celotex Corporation, Eagle Picher Industries, Inc., Keene Corporation, H.K. Porter Company, Inc., Babcock & Wilcox, and Pittsburgh Corning Corporation; however, each of these potential defendants has filed for relief or been forced into involuntary bankruptcy under Chapter 11 of the Bankruptcy Code and, pursuant to 11 U.S.C. Section 362, the institution of actions against these companies is stayed. Plaintiffs would have brought suit against the companies enumerated in this paragraph but for the automatic stay.

4. A. Defendant, **Metropolitan Life Insurance Company**, is a mutual life insurance company with a principal place of business in the New York. At all relevant times Defendant did business in the State of New Jersey and the Commonwealth of Pennsylvania. Defendant, individually and as agents of one another and as co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed, and conspired among themselves and with other asbestos manufacturers and distributors to injure Plaintiffs by, among other things, providing funding for a study that revealed Canadian asbestos miners suffered from asbestosis and by materially misrepresenting that known fact, and in various other ways concealing information and otherwise preventing workers and responsible authorities from learning of the health hazards posed by asbestos exposure.

B. Defendant, **A-Best Products Company**, in its own right and as successor-in-interest to Asbestos Products Company, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in Cleveland, Ohio, and is qualified to do business or has transacted business in the Commonwealth of Pennsylvania.

C. Defendant, **Dixon Ticonderoga Company**, and its division New Castle Refractories Co., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business located in Vero Beach, Florida, and is qualified to do business or has transacted business in the Commonwealth of Pennsylvania.

D. Defendant, **George V. Hamilton, Inc.**, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in McKees Rocks, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

E. Defendant, **Insul Company, Inc.**, is a corporation incorporated under the laws of the State of Ohio, having its principal place of business located in East Palestine, Ohio, and is qualified to do business in the Commonwealth of Pennsylvania.

F. Defendant, **Safety First Industries, Inc.**, in its own right and as successor-in-interest to Safety First Supply, Inc., is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Pittsburgh, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

G. Defendant, **TYK Refractories Company**, in its own right and as successor-in-interest to Swank Refractories, is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located in Sewickley, Pennsylvania, and is qualified to do business in the Commonwealth of Pennsylvania.

5. Plaintiff hereby incorporates by reference the following Counts from the Master Long-Form Complaint: Counts: I, II, III, IV, V, VI, VII & X.

6. Plaintiff's asbestos employment history including, to the extent possible at this time, the asbestos products to which plaintiff was exposed, is attached hereto as Schedule 1.

7. Plaintiff was diagnosed on or about April, 2001 as having mesothelioma as a result of exposure to asbestos.

8. Plaintiff's smoking history is as follows: Plaintiff smoked 1 pack per day from 1947 to 2001.

9. A claim for lost wages will be asserted at time of trial, if applicable.

Brookman, Rosenberg, Brown and Sandler

By:_____

Laurence H. Brown, Esquire

## VERIFICATION

I hereby certify that I am a Plaintiff in the instant matter and that the facts contained herein are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

*George F. Rowland dr.*

## PLAINTIFF'S ASBESTOS WORK HISTORY - SCHEDULE 1

| Commencement | Cessation | Employer | Job Description |
|---|---|---|---|
| 1951 | 1960 | Bethlehem Steel | brick layer |
| 7/1961 | 9/1993 | Rock-Tenn | paper converter |
| 1952 | 1953 | U.S. Navy | |

BROOKMAN, ROSENBERG, BROWN & SANDLER ● ATTORNEYS AT LAW

17TH FLOOR, ONE PENN SQUARE WEST ● PHILADELPHIA, PA 19102

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL          :    Chapter 11
GLOBAL, INC., T&N             :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,              :
                              :
          Debtors.            :
------------------------

### ORDER OF CLARIFICATION RE:
### PROVISIONAL TRANSFER OF FRICTION PRODUCTS CLAIMS

This matter having been opened upon the Court's own motion;
and the Court having withdrawn the reference with respect to
several motions to transfer and to provisionally transfer (the
"Transfer Motions") claims pending in the several United States
District Courts against defendant manufacturers of so-called
"friction products" (respectively the "Friction Products Claims"
and the "Friction Products Defendants") previously removed by the
Friction Products Defendants from the several state courts; and
for the reasons set forth in the letter opinion of the Court
filed herewith; and for good cause shown

It is this     day of January, 2002

ORDERED that this Order governs all Provisional Transfer
Orders whether already issued by the Court or that may be issued
in the future and those Orders shall not be construed in a manner
inconsistent with the terms of this Order, and it is further

ORDERED that the Provisional Transfer Orders are limited in

--------

[1]See attached list.

effect to only those claims against the Friction Products
Defendant(s) identified in the respective moving papers and
Provisional Transfer Orders and that no other claims and no other
parties are affected by the Provisional Transfer Orders, and it
is further

ORDERED that any Friction Product Claim that would have been
subject to a Provisional Transfer Order previously issued by this
Court but for the fact that such Friction Product Claim had not
yet been removed on the date the Provisional Transfer Order was
issued is hereby provisionally transferred to this Court subject
to further Order of this Court, and it is further

ORDERED that counsel identified in the Court's previous
Provisional Transfer Orders shall provide to claimants
provisionally transferred by this Order such notice and waivers
of further service as was specified in the relevant previous
Orders, and it is further

ORDERED that claimants provisionally transferred by this
Order shall not be subject to the briefing schedule with respect
to the Transfer Motion, and shall file no papers in opposition to
the Transfer Motion except as provided by further Order of this
Court.

_/s/_____
ALFRED M. WOLIN, U.S.D.J.

2

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

| | | |
|---|---|---|
| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

EXHIBIT "B"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| | : | **CHAPTER 11** |
| FEDERAL-MOGUL GLOBAL, INC., | : | |
| | : | **BANKRUPTCY NO. 01-10587** |
| Debtor. | : | **(jointly administered)** |

**ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS**

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

_____
Alfred M. Wolin, U.S.D.J.

2

EXHIBIT "C"

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:      Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____O R D E R_____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

*signature*

Clerk

Dated: FEB 1 1 2002
Dsc/cc: CL, EW, ET
RM, AR, PK
ME, VK, WW
RP, JSG

TOTAL P.02

# EXHIBIT "D"

Edward Finch - schedulingorder.pdf

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### Nos. 02-1426, 02-1491, 02-1492, 02-1588, 02-1652, 02-1664, 02-1688 and 02-1741

### IN RE: Federal-Mogul Global, Inc.

PRESENT:    Becker, Chief Judge

## ORDER

The following briefing schedule is hereby established in these consolidated appeals:

April 8, 2002: Appellants' joint opening brief on the merits of the district court's decision (14,000 words);

April 26, 2002: Appellees' joint response brief on the merits of the district court's decision and appellees' objections to appellate jurisdiction (21,000 words);

May 10, 2002: Appellants' joint reply brief on the merits of the district court's decision and response on appellate jurisdiction (21,000 words);

May 16, 2002: Appellees' joint reply brief on appellate jurisdiction (7,000 words).

It is expected that the various appellants and appellees will join in these joint briefs to the greatest extent practicable. However, an individual appellant or appellee may file a separate brief addressing discrete issues particular to that party, as long as those issues are not merely repetitive of the arguments advanced in the joint brief. Such separate briefs are due on the same date as the joint brief addressing the relevant issues. The foregoing word limitations are established for the joint briefs without prejudice to motions for extension of those limitations if necessary to respond to the separate submissions.

A brief will be considered timely filed if it is deposited with an express mail service on the due date for overnight delivery on the next business day. In addition, all briefs shall be served on all parties by e-mail by 5:00 p.m. Eastern time on the due date. A list of e-mail addresses is attached to this order.

Edward Finch - schedulingorder.pdf

Oral argument will be held on June 17, 2002. The time will be fixed by the panel. The allocation of oral argument time will be as follows:

Appellants' opening argument: 1 hour

Appellees' argument: 1 hour, 20 minutes

Appellants' rebuttal: 20 minutes

The parties will determine an appropriate allocation of argument time for various counsel within these aggregate allotted times.

The temporary stay entered by this Court on February 11, 2002, as clarified by the order of March 19, 2002, will remain in effect until further order of the merits panel.

By the Court,

_____
Chief Judge

Date: MAR 2 5 2002

cc: All counsel of record

**ATTACHMENT: e-mail addresses for service**

**Appellants' counsel:**

**Ford Motor Company, General Motors Corporation, DaimlerChrysler Corporation:**

David M. Bernick (david_bernick@chicago.kirkland.com)
Christopher Landau (clandau@dc.kirkland.com)
Eric B. Wolff (ewolff@dc.kirkland.com)

**Honeywell:**

Thomas F. Campion (thomas.campion@dbr.com)
Kenneth J. Wilbur (kenneth.wilbur@dbr.com)
Michael J. Reynolds (michael.reynolds@dbr.com)

**International automakers:**

David Wilks (wilksd@whitewms.com)
Chris Singewald (singewaldc@whitewms.com)

**Official Unsecured Creditors Committee:**

Robert B. Millner (RMillner@sonnenschein.com)

**Hennessy Indus., Inc.:**

Paul Day (paul.day@piperrudnick.com)
Henry A. Heiman (hheiman@hagblaw.com)

**Holman Enterprises, B.F. Goodrich, Salvo Auto Parts:**

Lee Baylin (leebaylin@baylinlaw.com)
Michael A. Stover (mstover@wtplaw.com)
Douglas F. Murray (dmurray@wtplaw.com)

**Appellees' counsel:**

**Official Committee of Asbestos Claimants**

Elihu Inselbuch (ei@capdale.com)
Trevor W. Swett III (tws@capdale.com)

**Ad Hoc Committee of Asbestos Claimants**

Alan Rich (arich@baronbudd.com)
Charles S. Siegel (siegel@awpk.com)
Robert T. Haefele (RHaefele@Wilentz.com)
Nancy Davis (ndavis@nmlrp.com)

**Kaeske-Reeves Claimants - Beaty, Salter, and Sturdevant**

Kay Reeves (kreeves@kaeske-reeves.com)
J. Bradshaw (jbradshaw@kaeske-reeves.com)
Michael B. Pullano (mpullano@mccarter.com)

**Waters & Kraus plaintiffs/Unofficial Committee of Select Asbestos Claimants**

Charles S. Siegel (siegel@awpk.com)

**Counsel for Federal-Mogul**

Laura Davis Jones (ljones@pszyj.com)